## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

**QUARTZ AUTO TECHNOLOGIES LLC,**

      **Plaintiff,**

    **v.**

**LYFT, INC.,**

      **Defendant.**

**Case No. 6:20-cv-00156-ADA**

## DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................ 1

III.   Legal Standards ................................................................................................... 3

IV.   ARGUMENT ........................................................................................................ 5

   A.   Plaintiff Fails to Properly Plead Direct Infringement. ................................... 5

     1.   Screenshots alone are insufficient to meet the minimum pleading standards. ... 5

     2.   The screenshots provided by Plaintiff do not support a reasonable inference that Lyft infringes each element of each claim and fail *Twombly/Iqbal*. ... 7

   B.   Plaintiff Fails to Properly Plead Claims of Induced Infringement. ................. 16

     1.   Plaintiff's indirect infringement claims fail without direct infringement. ........ 17

     2.   The complaint fails to allege pre-suit knowledge of the Asserted Patents. ....... 17

     3.   Plaintiff fails to allege facts to plausibly support induced infringement. .......... 18

   C.   Plaintiff Fails to Properly Plead Venue ......................................................... 19

V.   CONCLUSION .................................................................................................... 20

## TABLE OF AUTHORITIES

**Page**

C‌ASES

*Artrip v. Ball Corp.*,
    735 Fed. Appx. 708 (Fed. Cir. 2018) ................................................................4, 8

*Arunachalam v. Apple, Inc.*,
    2019-1251, 2020 WL 729658 (Fed. Cir. Feb. 13, 2020) .........................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................1, 3, 4, 6, 19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................1, 3, 4, 6, 13

*Chan Soo Kim v. Green Tea Ideas, Inc.*,
    2018 WL 1172998 (E.D. Va. Mar. 6, 2018) .......................................................6–7

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632, 135 S. Ct. 1920 (2015).........................................................4, 5, 18

*De La Vega v. Microsoft Corp.*,
    No. 6:19-cv-00612-ADA, Dkt. No. 29, slip op. 3 (W.D. Tex. Feb. 7, 2020).................5, 6, 16

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006)..........................................................16–17, 18

*Dutmer v. City of San Antonio, Tex.*,
    937 F. Supp. 587 (W.D. Tex. 1996).........................................................12, 16

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
    909 F.3d 398 (Fed. Cir. 2018)..................................................................4

*In re Google LLC*,
    2018 WL 5536478 (Fed. Cir. Oct. 29, 2018).......................................................20

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. May 14, 2018) .............................................................19

*Lifetime Industr., Inc., v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017).........................................................................5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014)...............................................................................16, 20

# TABLE OF AUTHORITIES

**Page**

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*,
   303 F.3d 1294 (Fed. Cir. 2002).................................................................................4

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. Sept. 20, 2012)..................................................18–19

*MONKEYmedia, Inc. v. Twentieth Century Fox Home Entm't, LLC*,
   226 F. Supp. 3d 693 (W.D. Tex. Dec. 8, 2016) ......................................................17

*N. Star Innov'ns, Inc. v. Micron Tech., Inc.*,
   2017 WL 5501489 (D. Del. Nov. 16, 2017) .........................................................5–6

*NTP v. Research In Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005)...............................................................................20

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)....................4–5, 18

*Parus Holdings Inc. v. Apple Inc. et al.*,
   6:19-cv-00432-ADA (W.D. Tex. Feb. 19, 2020) ....................................................17

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
   2018 WL 5630585 (D. Del. Oct. 31, 2018) ...............................................................6

*Proxyconn Inc. v. Microsoft Corp.*,
   2012 WL 1835680 (C.D. Cal. May 16, 2012) .....................................................17–18

*Quartz Auto Technologies, LLC v. Uber Technologies, Inc.*,
   No. 6:20-cv-00126 (W.D. Tex. Feb. 18, 2020).............................................3, 6, 19

*Seven Networks, LLC v. Google LLC*,
   315 F. Supp. 3d 9335 (E.D. Tex. 2018)...................................................................20

*Superior Industr., LLC v. Thor Glob. Enter. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012)..................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)..............................................................................................19

*Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*,
   982 F.2d 1520 (Fed. Cir. 1992).................................................................................11

*VLSI Tech., LLC v. Intel Corp.*,
   6:19-cv-00255-ADA, Dkt. No. 38 (W.D. Tex. Aug. 6, 2019)..................................17

## TABLE OF AUTHORITIES

**Page**

*Xpoint Techs., Inc. v. Microsoft Corp.*,
　730 F. Supp. 2d 349 (D. Del. 2010)..........................................................................17

**STATUTES**

28 U.S.C. § 1400(b) ......................................................................................19, 20

35 U.S.C. § 271 ..............................................................................................2, 20

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 .........................................................................................1, 5, 9

## I.     INTRODUCTION

Plaintiff Quartz Auto Technologies LLC filed its complaint against Defendant Lyft, Inc. asserting 114 claims across five unrelated patents.  While Plaintiff's complaint contains many asserted patents, many asserted claims, and many pages, the volume of paper consumed cannot compensate for the lack of facts to support the bald allegations of infringement.  Instead of explanations that would allow a reasonable inference that Lyft meets each element of the asserted claims, the complaint is filled with repetition of the claim elements and unexplained screenshots. This fails to satisfy the pleading standards under *Twombly* and *Iqbal*.  By relying solely on 167 unexplained screenshots, Plaintiff fails to meet its obligation to explain *what Lyft does* and *how* the alleged conduct satisfies the claim elements.  For at least two asserted claims, Plaintiff relies on screenshots that purport to be of a "coming soon" feature.  But an allegation of infringement based on *future* conduct cannot state a claim upon which relief can be granted in the *present*.

Plaintiff also fails to meet its burden to plausibly allege induced infringement, both because it does not plausibly plead any infringement and because it provides no allegation that Lyft knew of the patents before the filing of the complaint.  By failing to allege Lyft knew of the patents, Plaintiff fails as a matter of law to allege inducement.  Plaintiff also fails to meet its burden to plead venue.

The complaint is long on pages but short on substance.  Because the complaint fails to state a claim for relief that is plausible on its face under Rule 12(b)(6), this Court should dismiss it.

## II.     FACTUAL BACKGROUND

Plaintiff filed its complaint for patent infringement on February 28, 2020, against Lyft. Dkt. 1 ("complaint").   In the complaint, Plaintiff alleged Lyft infringes five patents[1] by

---

[1] U.S. Patent Nos. 6,446,004; 6,807,464; 7,370,085; 7,958,215; and 9,460,616.

"operat[ing] a ride-hailing service that uses a passenger and driver application" to execute various tasks.  Complaint ¶¶ 32, 58, 81, 107, 148.  The 83-page complaint purports to provide "detailed infringement claim mapping[s]" for at least one claim per patent, *e.g.* Complaint ¶ 59.[2]  However, in these so-called "detailed mapping[s]," Plaintiff merely repeats the language of each element of the claim with "the Lyft App" at the beginning of each element and then provides one or more screenshots with no explanation.  *E.g.* Complaint ¶¶ 65–69.

Throughout the complaint, Plaintiff mixes and matches 51 screenshots over the eleven "detailed mappings" it presents, repeating and reusing them across claims and patents – even though the Asserted Patents do not share a common specification, subject matter disclosure, or underlying technology.  In none of the "detailed mappings" does Plaintiff explain *what* Lyft is doing or *how* the alleged conduct practices the claim; the jumble of screenshots is the only notice provided.[3]  The only information provided about these screenshots is the citations to "Lyft Driver Application," "Lyft Passenger Application," or one of 31 websites.  *E.g.* Complaint ¶¶ 41–42. Further, several of the screenshots in the complaint show a feature described in the screenshot itself as "coming soon." Complaint ¶¶ 91, 156.  For the claims where the complaint relies on such screenshots, Plaintiff appears to concede that Lyft *currently* does not infringe those claims.

Plaintiff also alleges with boilerplate language for each Asserted Patent—that "[Lyft]'s actions have and continue to constitute active inducing infringement . . . in violation of 35 U.S.C. §271(b)."  *See, e.g.*, *id.* ¶ 50.  But Plaintiff fails to allege that Lyft had any knowledge of the Asserted Patents before the filing of the suit.  Plaintiff's induced infringement claims, like its direct

---

[2] For the remaining patent claims where no "detailed mapping" is provided, the complaint merely states that Lyft infringes these claims without any evidence or support.

[3]  For the Court's convenience, attached as Exhibit A is a chart of the claim language, Plaintiff's infringement allegations, and the support Plaintiff provides in the complaint of alleged infringement for each of the Asserted Patents.

infringement claims, lack any factual foundation.  For each Asserted Patent, Plaintiff alleges only that Lyft induces infringement through its "promotion, advertising, and instruction efforts."  *E.g.*, *id.* p. 28 ¶ 60.  Absent from these allegations are facts suggesting that such "promotion, advertising, and instruction efforts" induce infringement of the Asserted Patents or that Lyft had the "specific intent" to induce infringement.  Instead, Plaintiff asserts that Lyft had "the actual intent to cause the acts which it knew or should have known would induce actual infringement" based purely on "knowledge of the [patents] by the filing of the Complaint."  *Id.* at ¶¶ 34, 60, 83, 109, 150.[4]

Finally, Plaintiff pleads venue based on generic language: that "based on the information and belief that the Defendant has committed or induced act of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this judicial district." Complaint p. 5 ¶ 8.  Nothing in the complaint suggests that any alleged infringing activity occurred in this District.[5]

## III.   LEGAL STANDARDS

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not

---

[4] Plaintiff's allegations of inducement are almost word-for-word identical to the ones made against Uber Technologies, Inc. ten days earlier, reflecting a copy/paste exercise, not a particularized recitation of facts applicable to Lyft.  *Compare* Complaint at p. 31–32 ¶ 64, *Quartz Auto Technologies, LLC v. Uber Technologies, Inc.*, No. 6:20-cv-00126 (W.D. Tex. Feb. 18, 2020) (hereinafter "Uber Complaint"), *with* Complaint p. 28 ¶ 60.

[5] Plaintiff's generalized allegations regarding Lyft's business in Texas and this District appear in the context of personal jurisdiction, not venue. *See* Complaint ¶¶ 5, 6(a), 6(b), 6(c), 6(d).  Plaintiff appears to incorporate paragraph 6(d) into its discussion on venue in paragraph 8, but paragraph 6(d) does not allege whether infringing activity for each Asserted Patent took place in this District.

bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In addition, "under any pleading standard, a complaint must put a defendant 'on notice as to what he must defend.'" *Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 715 (Fed. Cir. 2018) (affirming district court's dismissal of complaint that used broad functional language copied from patent).  As the Federal Circuit recently held, for a plaintiff to "provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Arunachalam v. Apple, Inc.*, 2019-1251, 2020 WL 729658, at *3 (Fed. Cir. Feb. 13, 2020) (quoting *Twombly*, 550 U.S at 558, internal indicia of quotation omitted).

The pleading standards of *Twombly* and *Iqbal* apply to claims of induced infringement. *Superior Industr., LLC v. Thor Glob. Enter. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012).  "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed *specific intent* to encourage another's infringement."  *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (emphasis added) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.,* 303 F.3d 1294, 1304–05 (Fed. Cir. 2002)).  The Supreme Court has held that "liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926 (2015) (internal indicia of quotation omitted).

As this Court itself has held, "[t]o adequately plead a claim of induced infringement, a plaintiff must demonstrate that 'the defendant knew of the patent and that the induced acts

constitute patent infringement.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *Commil*, 135 S. Ct. at 1926). So too has held the Federal Circuit, which explained that "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Industr., Inc., v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation and indicia of quotation omitted).

## IV.    ARGUMENT

Plaintiff's claims of direct and induced infringement fail to meet the minimum pleading standards recognized by this Court, the Federal Circuit, and the Supreme Court, and should be dismissed in their entirety.

### A.    Plaintiff Fails to Properly Plead Direct Infringement.

#### 1.    Screenshots alone are insufficient to meet the minimum pleading standards.

By providing only screenshots without explanation in support of its infringement arguments, Plaintiff has failed to provide notice of what Lyft is doing to allegedly infringe or how. This Court recently held that providing only screenshots in support of infringement allegation that a defendant infringes an element of a patent claim without explanation is insufficient to pass muster under Fed. R. Civ. P. 12(b)(6). *De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612-ADA, Dkt. No. 29, slip op. at 1113 (W.D. Tex. Feb. 7, 2020) (dismissing with prejudice). Other district courts agree that a complaint that merely states in conclusory language that a defendant infringes is not sufficient; as the District of Delaware has held, "There needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so." *N. Star Innov'ns, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (emphasis original) *adopted by* No. 1:17-cv-506-LPS,

Dkt. No. 37, slip op. at 1 (D. Del. Jan. 3, 2018) (dismissing complaint).

Unlike the complaint in *De La Vega*, which included a short description for at least some of the limitations of the patent claim at issue, here Plaintiff provides no description for *any* of the claims "mapped" in the complaint.  Rather, for each patent claim, Plaintiff copies and pastes the claim language, then states that the "Lyft App" does whatever the claim element or preamble says, and then pastes in screenshots cited as coming from Lyft's website and applications and certain third-party websites.  *See* Complaint ¶¶ 36–49 ('004 Patent), ¶¶ 63–72 ('464 Patent), ¶¶ 86–98 ('085 Patent), ¶¶ 111–139 ('215 Patent), ¶¶ 153–156 ('616 Patent).  The formulaic nature of Plaintiff's approach is demonstrated by the fact that it is the same approach that Plaintiff took in its complaint against Uber.  *See, e.g.,* Uber Complaint ¶¶ 40–53 ('004 Patent), ¶¶ 67–76 ('464 Patent), ¶¶ 90–102 ('085 Patent), ¶¶ 116–144 ('215 Patent), ¶¶ 157–160 ('616 Patent).

Instead of the requisite notice required under *Iqbal* and *Twombly*, Plaintiff includes 51 screenshots without explaining what the screenshot means, how it relates to the element of the claim, or to which part of the element it relates.  Instead, Plaintiff relies on the reader to decipher how the copied and pasted screenshots demonstrate infringement of the Asserted Claims.  The complaint dismissed in the *De La Vega* case had more substance than what the Plaintiff offers here. *See De La Vega* at 11–13 (dismissing complaint that contained a written description with the screenshots for some but not all of the claim limitations).  Other courts have also dismissed complaints with more detail than what is offered here.  *E.g. Promos Techs., Inc. v. Samsung Elecs. Co.*, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) (finding that direct infringement claims which mirror the claim language of the patent are insufficient—without more—to plead direct infringement under 12(b)(6)); *Chan Soo Kim v. Green Tea Ideas, Inc.*, 2018 WL 1172998, at *2 (E.D. Va. Mar. 6, 2018) (dismissing direct infringement claims when the complaint merely copied

and pasted patent language and inserted a photograph of the accused product with written notations for some but not all of the claim elements).

>   **2.**   **The screenshots provided by Plaintiff do not support a reasonable inference that Lyft infringes each element of each claim and fail *Twombly/Iqbal*.**

Providing screenshots alone is not sufficient to plead infringement.  This is particularly true where, as here, the screenshots fail to provide any notice of how Lyft is alleged to infringe.[6] The patents and claims are discussed below in the order presented in the complaint.

>   **a.   The '004 Patent**

The '004 Patent is directed to "[a] system and associated method that allow particular requests to be executed at some point in the future without specifying the exact time or necessarily a precise location."  Complaint Exhibit A, Abstract.  The complaint alleges infringement of claims 1 and 12, but the screenshots provided fail to support an inference that Lyft infringes either claim.[7]

Claim 1 of the asserted '004 Patent claims "a method of implementing a proximity driven activity" which includes six claim steps.  *See* Complaint pp. 15–16 ¶ 37.  One of these steps is "specifying an activity to be executed at an indeterminate destination location."  *Id.*  In support of the allegation that Lyft performs this step of the claimed method, Plaintiff simply restates the claim language and provides a single screenshot of what appears to be a YouTube video, showing a map overlaid with the text "but in order to log into driver mode you'll just toggle over that top middle[.]" Complaint, p. 17 ¶ 39.  Nothing in this screenshot supports an inference that Lyft specifies "an activity to be executed an indeterminate destination location."  Nothing provides notice as to what the "activity" is or how it is specified to be "executed" anywhere, much less at

---

[6] For patent claims where no "detailed mapping" is provided, the complaint merely states that Lyft infringes without providing any evidence or support, and thus, cannot be the basis of a properly pleaded claim of patent infringement.

[7] The complaint also states that Claim 12 is "also taken as representative of breadth of computer program product claim 23."  Complaint, p. 21 ¶ 45.

an "indeterminate destination location."  The screenshots provided for the remaining method steps also fail to put Lyft "on notice as to what [it] must defend."  *See Artrip*, 735 Fed. Appx. at 715.

Plaintiff's screenshots-as-allegations regarding Claim 12 are no more illuminating than for Claim 1.  Claim 12 of the patent requires a server that (among other things) "determin[es] whether the destination location is within a **predefined proximity range** from the current location of the mobile computing device . . . ." (emphasis added) before executing software code and transmitting an address to a mobile device.  *See* Complaint at p. 21 ¶ 45.  But none of the screenshots support an inference that Lyft does anything whatsoever based on a "predefined proximity range."[8]  And indeed, nothing in the complaint identifies what the "proximity range" is and where it is allegedly "predefined."  Plaintiff offers no explanation to fill in the gaps; the reader is left to guess how Lyft could possibly satisfy this claim element.  Because the screenshots provided in the complaint fail to support a plausible inference of infringement for at least one element of each of the "mapped" claims, Plaintiff's claim for infringement of the '004 Patent should be dismissed.

### b.  The '464 Patent

The '464 Patent claims various systems and methods "to facilitate a distribution of information."  Complaint Exhibit B, Abstract.  The complaint alleges infringement of claims 1 and 20.  As with all the other claims "mapped" in the complaint, Plaintiff does so solely by repeating the claim language of each element and pasting screenshots with no explanation.  Because these screenshots do not support an inference that Lyft performs the steps of the method or uses a system containing the claimed elements, the allegations of infringement for the '464 Patent do not meet

---

[8] In support of the assertion Lyft performs this element, Plaintiff includes four screenshots: one showing an address and a route on a map, one showing text stating that Lyft "generally match[es] passengers with drivers who will arrive soonest," one showing what appears to be a screenshot of a YouTube video showing the same address and route on a map with the overlaid text "received a request we can see that this passenger is five minutes away so we'll[,]" and a last screenshot  that shows the words "7 min away – Lyft – Accept."  Complaint, p. 24–26 ¶ 49.

the requirements of Rule 12.

Claim 1 is directed at a "method of distributing vehicle control information" with four steps.  Plaintiff uses the same screenshot under both the preamble and first step, which requires "determining at a controller located at a location vehicle control information associated with the location and with an operator of a vehicle."  Complaint, pp. 29–30, ¶¶ 65–66.  This screenshot appears to describe the process by which a passenger can request a ride using the Lyft app, but nothing in it supports the inference either that Lyft "performs a method of distributing vehicle control information" or that Lyft "determine[s] at a controller located at a location vehicle control information" as required by the claim.  Further, Plaintiff also provides the same screenshot to support both the second and third steps of "transmitting" and "receiving" the "vehicle control information to a vehicle device."  *Id.* p. 30, ¶¶ 67–68.  This screenshot, which is cited as coming from the website "www.appsrhino.com" merely states that "On-demand technology stack of Uber, Lyft, Ola sends notifications to the driver and customers . . . The instantaneous location of the driver is shared with the passenger . . . ."  None of the cited text in the screenshot provides any inference that Lyft performs a method involving either transmitting or receiving "vehicle control information" to or at a "vehicle device."  Plaintiff's allegations fail plausibly to allege infringement for at least these elements of claim 1.

System claim 20 of the '464 Patent, like claim 1, involves "vehicle control information." The claim requires, *inter alia*, a controller adapted to determine and transmit "vehicle control information associated with the location and with an operator of a vehicle" and a "vehicle device" adapted to receive that vehicle control information. For the first portion of the system, involving the controller, Plaintiff cites to three screenshots. Two of these are the same screenshots used for the element discussed regarding method claim 1 and are insufficient for the same reasons.  Plaintiff

also includes a third screenshot with respect to claim 12 of the '004 patent, which shows a YouTube video snapshot showing a screen with an address and route on a map:



Complaint p. 33 ¶ 71.  Just as with claim 1, these screenshots fail to provide an inference that Lyft infringes Claim 12.  The addition of a screenshot of a video showing a map with a route does not explain how Lyft uses "a controller located at a location" adapted to determine or transmit "vehicle control information associated with the location and with an operator of a vehicle."

Because the screenshots provided in the complaint fail to support a plausible inference of infringement for at least one element of each of the "mapped" claims, Plaintiff's claim for infringement of the '464 Patent should be dismissed.

### c.  The '085 Patent

The '085 Patent relates to "a method, system, program, and data structures for providing user location information with a personal information manager program."  Complaint Exhibit C, Abstract.  As with the other asserted patents and claims, the Complaint's "mapping" for the '085 Patent consists merely of screenshots that fail to inform as to how Lyft is purported to infringe.

Claim 1 of the '085 Patent claims "a method for providing user location information for a personal information management program."  *See* Complaint p. 37 ¶ 87.  But the complaint's screenshots fail to inform how Lyft performs a method "for a personal information management program" as required by the preamble of the claim.  In support of its allegation that Lyft performs

such a method, Plaintiff provides two screenshots: one cited as coming from a website beginning with "http://urban.cs.wpi.edu" that states "We leverage Lyft vehicle telemetry data collected for forty days in the summer of 2018 in San Francisco and Palo Alto, collected from smartphones. Each data point contains the *latitude*, *longitude*, *accuracy*, *speed*, and *bearing*.  A future iteration of this work could make use of more features like *acceleration*, *gyroscope*, and *timestamp*." Complaint p. 38 ¶ 88.  The second screenshot shows a flow chart connecting "client" with "service" with intermediate boxes labeled including "Protobuf response," "JSON request," and "Middleware (service)."  *Id.*  But neither screenshot supports an inference that Lyft provides a "personal information management program" or otherwise performs the claimed method.

Further, the screenshots provided by Plaintiff for Claim 1 do not support or explain what in Lyft's systems is a "predefined activity" as required by both the second and third step of the claimed method.  Complaint pp. 40–42 ¶¶ 90–91.  These screenshots purport to show various screens from Lyft's passenger and drive application or snapshots listed as coming from "eng.lyft.com" relating to mapping.  None of these explain what in Lyft's system is a "predefined activity" as required by the claims (or what meets the remainder of the requirements of the claim).

Plaintiff's allegations for Claim 1 also fail because Plaintiff relies on a screenshot that purports to describe a Lyft feature that is "coming soon."  While Plaintiff may believe that the forthcoming feature might allegedly infringe in future, it cannot be a basis for a present cause of action for patent infringement.  Nothing in the statute allows a patentee to assert infringement over a possible future act that admittedly has not occurred.  Indeed, it is questionable whether there is even an "actual controversy" over allegedly infringing acts that are not alleged to have occurred.  *See Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1526 (Fed. Cir. 1992) ("[W]hen there is no actual controversy, the district court has no jurisdiction to hear the action.").

For the last element of claim 1, Plaintiff includes a screenshot of a feature that contains the text "Coming Soon," seemingly conceding that the accused feature has not been implemented:



**Predicting when someone needs help**

Coming soon: In some cases, if we notice your ride has stopped too soon or for an unusual amount of time, drivers and riders will hear from Lyft. We'll ask if you need support, and if necessary, we'll give you the option to request emergency assistance.

Complaint p. 42 ¶ 91.  By including this screenshot as its purported support for infringement, Plaintiff makes no supported allegation that any infringement is currently occurring.  An allegation of future infringement is not sufficient: the "allegation of some possible future harm does not present a controversy ripe for adjudication." *Dutmer v. City of San Antonio, Tex.*, 937 F. Supp. 587, 591 (W.D. Tex. 1996).

Claim 20, like claim 1, is a method "for a personal information management program." And as with Claim 1, Plaintiff's screenshots fail to inform how Lyft is alleged to perform a method for such a "personal information management program."  Plaintiff uses the same two screenshots as for the preamble of Claim 1, and they are no more informative for Claim 20.  *Compare* Complaint pp. 37–38 ¶ 88 *with* Complaint pp. 43 ¶ 93.

Claim 20, like claim 1, also requires a "predefined activity" of a user.  Plaintiff alleges that Lyft meets this limitation by, *inter alia*, "determin[ing] whether a rate of change . . . indicates a predefined activity of the user . . ." Complaint pp. 45–47 ¶¶ 96. But none of the cited screenshots support such an inference. Here, Plaintiff provides six screenshots: one purporting to be from the Lyft driver app and appearing to show how much a driver earned for a ride, the "http://urban.cs.wpi.edu" screenshot used throughout the complaint, and four purporting to be from https://eng.lyft.com that appear to discuss map creation and the use of wi-fi in location tracking.  None of these screenshots support an inference that Lyft meets the "predefined activity"

element of Claim 20 or provide meaningful information about what Plaintiff alleges infringes.

Because the screenshots provided in the complaint fail to support a plausible inference of infringement for at least one element of each of the "mapped" claims, Plaintiff's claim for infringement of the '085 Patent should be dismissed.

### d.  The '215 Patent

The '215 Patent relates to "a method of improving the response time to IT problems and ensuring that some [*sic*] will respond to a problem."  Complaint Exhibit D, Abstract.  Plaintiff provides "detailed mappings" of four claims of the '215 Patent: claims 1, 5, 14, and 17.  Complaint at p. 52 ¶ 111 *et seq.*  Again, with respect to these other patents, the "detailed mappings" of mere screenshots do not meet the standards of *Twombly* to support a plausible allegation of infringement.

Claim 1 is for a "computer-implemented method of responding to a problem condition" and requires, *inter alia*, "automatically detecting availability of a first candidate to respond to a problem condition" and "automatically assigning responsibility for the problem condition to the first candidate."  *See* Complaint p. 52 ¶ 112.  Even assuming a rider requesting a ride could possibly constitute a "problem condition"—which it does not—the screenshots in the complaint do not support either that Lyft automatically detects a first candidate to respond to a condition *or* that Lyft automatically assigns the condition to the first candidate.

The five screenshots that Plaintiff includes for the "first candidate to respond" element do not support an inference that Lyft is detecting the "first candidate to respond" at all.  Complaint pp. 53–54 ¶ 114.  The screenshots do not show how Lyft "detects" anything—and the next-to-last screenshot is so small that it shows hardly anything at all.  Similarly, the screenshots that Plaintiff includes for the "automatically assigning . . . to the first candidate" element do not support an inference that Lyft performs this step.

The complaint also provides screenshots for the elements of Claim 5 of the '215 Patent, which claims "[a] computer-implemented method of managing an information technology device" with five steps relating to receiving alerts and selecting and assigning responsibility for the alerts. But the screenshots provided for this claim do not suggest that Lyft performs these steps. The complaint provides no guidance as to which screenshot shows the alleged "alert" or the "managed information technology device." Complaint p. 59 ¶ 120.

Plaintiff takes the same approach to claims 14 and 17 of the '215 patent—providing screenshots with no explanation to support how the screenshots meet the claim elements. Complaint pp. 65–75 ¶¶ 125–139. Further, as done throughout the entire complaint, Plaintiff repeats the same screenshots for multiple elements of these claims. For claim 14, Plaintiff uses a screenshot of an "Accept" button and of a "Ride request missed" screen for three of the six elements. Plaintiff also uses a screenshot with text titled "How to give a ride" for two of the elements and the preamble. Plaintiff also repeats screenshots throughout the mapping of Claim 17. *See* Complaint pp. 71–75 ¶¶ 133–139. Plaintiff uses the "Accept" button and "Ride request missed" screenshots for the preamble and two of the five steps of the method. Plaintiff also uses the "How to give a ride" screenshot as its sole support for another two of the steps of this method. By repeating the same screenshots over multiple elements without explanation, Plaintiff fails to provide support for infringement of the claims. While it is theoretically possible that one feature of Lyft's products could allegedly satisfy multiple elements of a single claim, Plaintiff has failed to provide an inference that such is the case here or provide fair notice of how any feature of Lyft's products satisfy the claim elements.

Because the screenshots provided in the complaint fail to support a plausible inference of infringement for at least one element of each of the "mapped" claims, Plaintiff's claim for

infringement of the '215 Patent should be dismissed.

### e.   The '616 Patent

The invention claimed by the '616 patent "relates to management of mobile objects and a service platform for mobile objects."  Complaint Exhibit E, Background.  Plaintiff asserts that Lyft has infringed system claim 1 of the '616 Patent (and further alleges that this claim is also representative of method claim 11 and computer program claim 16).  Complaint p. 78 ¶ 154. System claim 1 requires, *inter alia*, "a registration server operable to register . . . a process of providing notification that one mobile object has become distanced from a **predetermined location or region**."  *See* Complaint p. 78 ¶ 154 (emphasis added).  In support of this element of the claim, Plaintiff provides four screenshots,  *Id.* at ¶ 156, but none demonstrate in any way the use of a system operable to register a "process of providing notification that a mobile object has become distanced from a predetermined location or region."  The first contains text purporting to describe the collection of data including latitude and longitude, but nothing about a distance from a predetermined location or region or a related notification.  The second screenshot contains text from www.quora.com stating, "The client apps are native iOS and Android. The servers are mostly PHP and run on Amazon EC2.  They talk to each other using a REST API" and has nothing to do with a predetermined location.  The third screenshot says "Predicting when someone needs help":



Complaint p. 80 ¶ 156.  This screenshot describes nothing about a distance from a predetermined location or region.  The fourth screenshot purports to show a screenshot of the Lyft Driver Application and shows "Share your location – Add your friends and family so they can see where you are while you drive."  *Id.* p. 80 at ¶ 156.   While this screenshot might seem to suggest something about the sharing of location, nothing in it provides any inference that Lyft uses a server operable to provide notice of a mobile object becoming "distanced from a predetermined location or region." *Id.* If anything, this screenshot suggests that Lyft simply shares a driver's location, which is not what is claimed by the patent.

Plaintiff's allegations for claim 1 also fail because they, like the allegations for claim 1 of the '085 patent (discussed above at pages 11–12), rely on a screenshot that purports to describe a Lyft feature that is "coming soon."   Complaint p. 42 ¶ 91.   The screenshot pictured on the preceding page does not support an inference that Lyft infringes *now* and thus does not support that a ripe controversy exists now.  *See Dutmer*, 937 F. Supp. at 591. The allegations fail for the further reason that the second screenshot from www.quora.com is not supported by the citation; clicking the cited link shows no such text on this website.  Further, the link leads to a question on Quora from 2015, over a year before the '616 patent even issued.  "[E]vidence of alleged infringement [that] predate[s] the issuance of a patent . . . is not competent evidence of infringement." *De la Vega* at 8–9.

Because the screenshots provided in the complaint fail to support a plausible inference of infringement for at least one element of the "mapped" claim, Plaintiff's claim for infringement of the '616 Patent should be dismissed.

## B.    Plaintiff Fails to Properly Plead Claims of Induced Infringement.

Plaintiff's induced infringement claims also fail to meet the minimum pleading requirements and should therefore be dismissed in their entirety.

1.      **Plaintiff's indirect infringement claims fail without direct infringement.**

To show inducement of infringement, a patentee must show direct infringement; " where there has been no direct infringement, there can be no inducement of infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014). The patentee bears the burden of showing such direct infringement "for each instance of indirect infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006). As discussed above, Plaintiff has failed to plead such facts and thus has failed to plead facts sufficient to support a claim of indirect infringement. This Court should dismiss the indirect infringement claims as well.

2.      **The complaint fails to allege pre-suit knowledge of the Asserted Patents.**

Plaintiff's claim for indirect infringement also fails for the separate reason that Plaintiff has failed to allege that Lyft had pre-suit knowledge of the Asserted Patents. There can be no claim for induced infringement where the accused infringer lacked knowledge of the asserted patent. *MONKEYmedia, Inc. v. Twentieth Century Fox Home Entm't, LLC*, 226 F. Supp. 3d 693, 708 (W.D. Tex. Dec. 8, 2016) (holding induced infringement requires actual knowledge that induced acts constitute patent infringement). Knowledge of the asserted patent arising solely from the patentee's complaint is not sufficient; as this Court has held, the patentee must allege pre-suit knowledge of the asserted patent to maintain its claim—even for conduct that occurs after the filing of the complaint. *See Parus Holdings Inc. v. Apple Inc. et al.*, 6:19-cv-00432-ADA (W.D. Tex. Feb. 19, 2020), transcript from hearing on Jan. 31, 2020 (attached as Exhibit B)[9] at 46–47 (dismissing indirect infringement claims in their entirety when plaintiff's only allegation of knowledge was the filing of the lawsuit); *VLSI Tech., LLC v. Intel Corp.*, 6:19-cv-00255-ADA,

---

[9] The transcript also covers the related cases of *Parus Holdings Inc. v. LG Elecs. Inc.*, 6:19-cv-437-ADA; *Parus Holdings Inc. v. Google LLC*, 6:19-cv-433-ADA; and *Parus Holdings Inc. v. Samsung Elecs. Co., Ltd.*, 6:19-cv-438-ADA.

Dkt. No. 38 at 1 (W.D. Tex. Aug. 6, 2019) (attached for convenience as Exhibit C). Courts in other districts agree. *E.g. Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit.").

Here, Plaintiff does not allege that Lyft knew about the Asserted Patents before the complaint, but only that Lyft learned of the Patents "by the filing of th[e] Complaint." *See* Complaint p. 14 ¶ 34, p. 28 ¶ 60, p. 36 ¶ 83, p. 51 ¶ 109, p. 77 ¶ 150. For this independent reason, this Court should dismiss Plaintiff's claims for indirect infringement.

### 3.     Plaintiff fails to allege facts to plausibly support induced infringement.

To plead induced infringement plausibly, a complaint must also allege that the induced acts constitute infringement. *Parity Networks*, 2019 WL 3940952, at *2 (citing *Commil*, 135 S. Ct. at 1926). "[A] plaintiff must [also] allege a specific intent to induce infringement, which is 'evidence of culpable conduct, direct to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Id.* at *2 (quoting *DSU Med.*, 471 F.3d at 1306).

In its complaint, Plaintiff fails to allege any activity that could plausibly induce any act that constitutes infringement. Instead, under the heading of "Induced Infringement," Plaintiff states that Lyft "has and continues to promote, advertise, and instruct current drivers and riders, and potential drivers and riders about Lyft products . . . ." *See, e.g.*, Complaint pp. 14–15 ¶ 34. After briefly listing these "promotion, advertising, and instruction efforts," Plaintiff concludes that Lyft "engage[s] in these acts . . . with the actual intent to cause the acts which it knew or should have known would induce actual infringement." *Id.* But the facts alleged—that Lyft provides

applications for download, overviews of how to use its products, and requirements for drivers to sign up for the service—do not support that conclusion. None of that supports a plausible inference that Lyft knew its alleged actions infringed or that Lyft knew that promoting its services would induce others to infringe the Asserted Patents. *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. Sept. 20, 2012) ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement.").

The boilerplate nature of these claims is further demonstrated by a comparison to the complaint Plaintiff filed against Uber; the allegations are essentially identical. *Compare* Uber Complaint ¶¶ 30–56 *with* Complaint ¶¶ 27–52. This Court need not accept Plaintiff's "legal conclusion[s] couched as a factual allegation[s]" when the facts provided do not support it. *Iqbal*, 556 U.S. at 678. For this reason, separate from the failure to allege knowledge of the Asserted Patents, this Court should dismiss Plaintiff's induced infringement claims.

## C.      Plaintiff Fails to Properly Plead Venue

Venue for a domestic corporation accused of patent infringement is proper only where the defendant either (1) is incorporated, or (2) commits acts of infringement and has a regular and established place of business. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017); 28 U.S.C. § 1400(b). While the Plaintiff bears the burden of establishing venue under Section 1400(b), it fails to do so here. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. May 14, 2018). There is no allegation that Lyft is incorporated in Texas. Plaintiff alleges that Lyft has a regular and established place of business, but it fails to identify any infringing acts committed by Lyft *in this District*. Plaintiff's allegations of infringement across all Asserted Patents rely in some part on Lyft's servers, which are not alleged to be in this District. *E.g.* Complaint p. 16 ¶ 38 (accusing "the Lyft application or Lyft Network, which includes the

19

passenger application, driver application, *Lyft server*, and all related technology," emphasis added); *see also id.* at p. 13 ¶ 26; p. 21 ¶ 46; 24 ¶ 49; p. 29 ¶ 65; p. 32 ¶ 71; p. 37 ¶ 88; p. 43 ¶ 93; p. 52 ¶ 113; p. 58 ¶ 119; p. 66 ¶ 126; p. 71 ¶ 133; p. 78 ¶ 155.  This is especially true for the eight method claims asserted in the complaint.   Plaintiff's failure to allege that any such servers are in this District undercuts any notion that Lyft committed acts of infringement *in this District*. Consequently, Plaintiff cannot satisfy the requirements of Section 1400(b).[10]  The Court should dismiss Plaintiff's complaint for improper venue under 28 U.S.C. § 1400(b).

## V.   CONCLUSION

The complaint in this case is full of screenshots but empty on substance.  Because plaintiff has failed to state a claim for relief, this Court should grant this motion and dismiss the complaint in its entirety.

---

[10] It is axiomatic that to commit an act of infringement of a method claim under § 271(a), one must practice every step of the method claim.  *See Limelight Networks*, 572 U.S. at 921; *see also NTP v. Research In Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005) (abrogated on other grounds).  In the context of Section 1400(b) that inquiry should focus on whether all steps are practiced *in this District*.  *But see Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 944–45 (E.D. Tex. 2018) (emphasis added).  The Federal Circuit declined to review the holding in *Seven Networks* as moot.  *In re Google LLC*, 2018 WL 5536478 at *3 (Fed. Cir. Oct. 29, 2018).  Nonetheless, whether an act of infringement has occurred (in a particular district) for purposes of Section 1400 should be evaluated in the same way as infringement is determined under 35 U.S.C. § 271.

Dated: May 14, 2020          By:    */s/ Syed Fareed*
                                    _____
                                    Syed Fareed
                                    Texas Bar No. 24065216
                                    Clark Oberembt
                                    Texas Bar No. 24105897
                                    **BAKER BOTTS L.L.P.**
                                    98 San Jacinto Blvd #1500
                                    Austin, TX 78701
                                    Telephone: (512) 322-2500
                                    Facsimile: (512) 322-2501
                                    syed.fareed@bakerbotts.com
                                    clark.oberembt@bakerbotts.com

                                    Elizabeth K. Boggs
                                    *Pro Hac Vice* Application Pending
                                    California Bar No. 280555
                                    **BAKER BOTTS L.L.P.**
                                    1001 Page Mill Road, Building One, Suite 200
                                    Palo Alto, CA 94304
                                    Telephone: (650) 739-7500
                                    Facsimile: (650) 739-7699
                                    betsy.boggs@bakerbotts.com

                                    Danny David
                                    Texas Bar No. 24028267
                                    **BAKER BOTTS L.L.P.**
                                    One Shell Plaza, 910 Louisiana Street
                                    Houston, TX 77002
                                    Telephone: (713) 229-4055
                                    Facsimile: (713) 229-2855
                                    danny.david@bakerbotts.com

                                    Jeremy Taylor
                                    *Pro Hac Vice* Application Pending
                                    California Bar No. 249075
                                    **BAKER BOTTS L.L.P.**
                                    101 California St, Suite 3600
                                    San Francisco, CA 94111
                                    Telephone: (415) 291-6200
                                    Facsimile: (415) 291-6300
                                    jeremy.taylor@bakerbotts.com

                                    *Attorneys for Defendant Lyft, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on  May 14, 2020, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service on May 14, 2020.

*/s/ Syed Fareed*
Syed Fareed